IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOLEDO NEWSPAPER UNIONS -
BLADE PENSION TRUST FUND,

                Plaintiff,         Case No. 3:07 CV 2590

-vs-

                                   MEMORANDUM OPINION

FEDERAL INSURANCE COMPANY,

                Defendant.

KATZ, J.

This matter is before the Court on Defendant Federal Insurance Company's motion to dismiss (Doc. 6), Plaintiff Toledo Newspaper Union – Blade Pension Trust Fund's response in opposition (Doc. 7), and Defendant's reply brief in support of the motion to dismiss (Doc. 12). Because the plaintiff's claim is not a justiciable case or controversy, the defendant's motion to dismiss will be granted.

**I.    Issues**

Toledo Newspaper Union – Blade Pension Trust Fund ("Plan") in its amended complaint asks this Court for informative rulings on two issues: (1) whether the Plan should notify its participants of possible claims against certain trustees and (2) whether, if the Plan so notifies its participants and if the participants sue, there would be coverage under the Policy. Federal Insurance Company ("Defendant") has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). The Court has reviewed all filings and memoranda in this matter and on January 24, 2008 heard oral argument from representatives of the parties. For the reasons hereinafter stated, the Court will grant Defendant's motion to dismiss.

**II.     Background**

Plaintiff Plan is a trust fund comprised of retirement benefits for unionized employees of the *Toledo Blade* newspaper. Defendant is an insurer that issued an Executive Protection Policy, which provides certain fiduciary liability coverage to the Plan and presumably to its Trustees. The current action relates to a case currently pending before the Court that alleges certain investment managers and advisers to the Plan breached fiduciary duties they owed to the Plan under the Employee Retirement Income Security Act ("ERISA"). Preparation for that litigation has raised questions for which the Plan claims the Court can provide answers. The motion to dismiss filed by Defendant is based on the contention that this matter does not present an actual "case or controversy" which must exist for federal jurisdiction to lie pursuant to Article III of the United States Constitution. The Court agrees.

**III.    Discussion**

The parties have extensively addressed the issues, and the Court agrees with Defendant's memorandum in support of its motion to dismiss. In Subsection B of its memorandum, Defendant sets forth the relevant portions of the insurance policy ("Policy") at issue in this case. With respect to the basis for coverage, the Policy provides:

> The Company shall pay on behalf of each of the Insureds all Loss for which the Insured becomes legally obligated to pay on account of any Claim first made against the Insured during the Policy Period.

The Policy further defines "Claim" as follows:

Claim means:

(a)     a civil proceeding commenced by the service of a complaint or similar pleading,

(b)     a criminal proceeding commenced by a return of an indictment, or

      (c)      a formal administrative or regulatory proceeding commenced by the filing of a notice of charges, formal investigative order or similar document,

against any Insured for a Wrongful Act, including any appeal therefrom.

Def. Memo at p. 3. The Plan has asked whether it should notify its participants of possible claims against certain Trustees and, if such notification is given and if the Plan participants sue the Trustees, whether there will be coverage under the Policy. The Plan is seeking an impermissible advisory opinion concerning issues that *could*, in the future, bear fruit. The inquiry does not present an actual controversy between any parties for which relief is available at this time. The case is not justiciable and will be dismissed.

      Federal jurisdiction is limited to actual cases or controversies under Article III of the Constitution. *Sankyo Corp., et al. v. Nakamura Trading Corp.,* 139 Fed. Appx. 648, 650 (6th Cir. 2005) (*citing North Am. Natural Res., Inc. v. Strand*, 252 F.3d 808, 812 (6th Cir. 2001)). The Article III case or controversy requirement prevents federal courts from rendering advisory opinions based on abstract or theoretical questions. *Hall v. Beals*, 396 U.S. 45, 48 (1969); *see also McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 597 (6th Cir. 2002). The plaintiff here is seeking relief under the Declaratory Judgment Act, which gives courts discretion to entertain suits and to grant declaratory relief. Declaratory Judgment Act, 28 U.S.C. § 2201. "Declaratory judgment actions…often require courts to face the difficult task of distinguishing 'between actual controversies and attempts to obtain advisory opinions on the basis of hypothetical controversies.'" *Sankyo*, 139 Fed. Appx. at 651 (quoting *Kardules v. City of Columbus*, 95 F.3d 1335, 1343-44 (6th Cir. 1996)). Because there is no bright line to delineate between declaratory relief and an advisory opinion, courts must be especially vigilant to confirm

that an actual case or controversy is present in declaratory judgment actions. *See Sankyo*, 139 Fed. Appx. at 651, n. 6 (citing *Grand Trunk W. R.R.. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 325 (6th Cir. 1984)).

This declaratory judgment action presents no actual case or controversy. Rather, in asking whether the Plan has an ERISA duty to notify its participants of a potential claim, the Plan is seeking an impermissible advisory opinion. In seeking an insurance coverage determination on the basis of hypothetical and contingent facts, the Plan is attempting to raise a claim that is not yet ripe for decision. Under these circumstances, this Court cannot entertain the declaratory judgment action and will instead dismiss the Amended Complaint in its entirety.

### A. Impermissible Advisory Opinion

The plaintiff's inquiry whether the Trustees have a duty to notify Plan participants of potential liability invites the Court to issue an impermissible advisory opinion. There is no adverse party or actual dispute with respect to the potential duty to notify, and the Plan has demonstrated no "injury in fact" as is required to establish an actual case or controversy.

Federal jurisdiction cannot exist unless "the conflicting contentions of the parties … present a real, substantial controversy between the parties having adverse legal interests." *Sankyo*, 139 Fed. Appx. at 650 (citing *Babbitt v. Farm Workers Nat'l Union*, 442 U.S. 289, 297-98 (1979)). Under the Article III case or controversy requirement, a dispute "must be definite and concrete" and must allow for "specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *Id.* at 651 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). The Plan's request that this Court determine whether it must notify participants of potential claims against the

4

Trustees does not present a controversy between any parties for which specific relief is available. The Plan does not suggest that there is a difference between it and any identifiable party having an adverse legal interest regarding the duty to notify. In particular, Defendant is not alleged to have taken a position on the duty of notification. It is also not the case that this Court will resolve any concrete issue by ruling on notification. In bringing this request before the Court, the Plan is asking for an opinion on the state of the law. Such opinions are the province of the Plan's legal counsel and not of this Court.

Defendant cites to multiple cases, including *Sankyo Corp. v. Nakamura Trading Corp.*, 139 Fed. Appx. 648 (6th Cir. 2005) and *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 465 F.Supp. 2d 827 (N.D. Ohio 2006), to support its argument for dismissal. In *Sankyo*, the district court dismissed the case based on the absence of a case or controversy; that decision was affirmed by the Sixth Circuit on appeal. In *American Zurich*, the defendant Cooper Tire sought declaratory relief, which action was dismissed by Judge Jack Zouhary of this District for lack of a case or controversy. The *Sankyo* case is particularly illustrative. In that case, Defendant Nakamura alleged that Sankyo owed him and his company $3 million and threatened to sue Sankyo if the debt remained unpaid. Tensions mounted, and Nakamura presented Sankyo with a series of deadlines and a draft court complaint. On the eve of the final deadline, Sankyo filed a declaratory judgment action seeking a determination that Nakamura was required (1) to arbitrate the dispute and (2) to do so in the venue agreed upon in the parties' contract. *Sankyo*, 139 Fed. Appx. at 649. The federal district court dismissed the case, holding that there was no actual case or controversy, and the Sixth Circuit affirmed that decision on appeal. In affirming, the Circuit

5

Court specifically rejected Sankyo's contention that Nakamura's actions created a "reasonable apprehension" of litigation sufficient to establish a case or controversy. *Id.* at 651.

The Sixth Circuit further held that to meet the jurisdictional constraints of Article III's case or controversy requirement, "a plaintiff must, generally speaking, demonstrate that he has suffered an 'injury in fact,' that is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Id.* at 651 (citing *Bennett v. Spear*, 520 U.S. 154, 162 (1997)). The court noted that Sankyo's action was directed at establishing a forum for Nakamura's *potential* claims, which Nakamura might or might not pursue. *Id.* at 652-53. Accordingly, the declaratory judgment case attempted to place the district court in the untenable position of deciding a question not yet presented, on the basis of uncertain and potentially shifting facts. Thus, to decide the case would not resolve an actual case or controversy, but would merely engage the Court in a hypothetical exercise. *See id.*

If the *Sankyo* Court was presented with a request for an advisory opinion, certainly the same is true here. In *Sankyo*, two identifiable adverse parties were in the midst of a disagreement, and Nakamura had drafted a complaint. By contrast, in the present action Defendant notes, "No threats of any kind have been made against the Plan. Even more importantly, there is no dispute between the Plan and any other party regarding whether notice of potential claim must be given to the Plan participants." Def. Memo at p. 7. Under these circumstances, there is no "injury in fact" that is traceable to Defendant. The Plan's request for a ruling on its notice obligations is but an invitation for the Court to opine on a hypothetical set of facts that does not amount to a true controversy. For the same reasons propounded by the Sixth Circuit in *Sankyo*, this Court may not

6

render a ruling on the Plan's duty to notify, because to do so would require it to render an advisory opinion.

### B. Plaintiff's Claim Is Not Ripe for Decision

The Plan's second request, for a ruling on coverage under the Policy, is not ripe. Ripeness is a question of timing, and a case is not ripe where the dispute is speculative or unlikely to occur. *See Allstate Ins. Co. v. Wayne County*, 760 F.2d 689, 696 (6th Cir. 1985). Where an action depends upon events that have yet to occur, it lacks the requisite immediacy to invoke federal jurisdiction. *Id.*; *see also American Zurich*, 465 F.Supp. at 831. Any lawsuit that *might* trigger coverage under the Policy at issue here is potential only, as no suit has yet been filed. Consequently, the Plan has not made (and cannot make) a claim under the Policy. Courts have routinely ruled that where, as here, there are contingencies that must occur before coverage under an insurance policy is triggered, an action seeking a declaration of rights under the insurance policy is not ripe. *See, e.g.*, *Allstate*, 760 F.2d at 696-97; *American Zurich*, 465 F.Supp. 2d at 832; *see also Solo Cup Co. v. Federal Ins. Co.*, 619 F.2d 1178, 1189 (7th Cir. 1980); *Allied Stores Corp. v. Chubb Ins. Co. of Canada* (*In re Federated Dept. Stores, Inc.*), 135 B.R. 947, 949-50 (S.D. Ohio 1992).

The Plan's plea for a determination of coverage is subject to a plethora of contingencies. Under the Policy, there is no coverage until, *inter alia*, a "Claim" is made against an "Insured." *See* Def. Memo at p. 3. For a "Claim" to exist under the Policy there must first be a "civil proceeding commenced by the service of a complaint or similar pleading." *See id.* The Plan's request is contingent upon an advisory opinion issued by this Court that it must notify its participants of possible claims against the Trustees, and any claim against the Trustees is itself

only "potential." Because no participants have even been notified of a possible claim against the Trustees, no participant has sued a Trustee. There is thus no "Claim" under the Policy, and the Plan has not alleged that one exists.

Because there has been no "Claim," Defendant has not denied coverage under the Policy or even produced a reservation of rights with respect to the issues raised in this action. How Defendant might respond to an actual Claim is itself dependent on many factors and can be assessed only with reference to a particular action as filed. Predicting Defendant's stance on coverage based upon unseen, "potential" future legal action invites this Court to speculate beyond what is permissible. *See Allstate*, 760 F.2d at 697 ("[U]nadorned speculation will not suffice to invoke the federal judicial power") (quoting *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 44 (1976)). As the Eleventh Circuit explained,

> The party who evokes a federal court's authority must show, at an "irreducible minimum," that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition.

*Atlanta Gas Co. v. Aetna Cas. and Surety Co.*, 68 F.3d 409 (11th Cir. 1995). None of these requirements is met, as Defendant has not taken any position on coverage that could constitute an actual or threatened injury, and thus no injury will be redressed by a judicial decision.

The Plan relies on this Court's decision in *Javitch v. Transamerican Occidental Life Ins. Co.*, 408 F.Supp. 2d 531 (N.D. Ohio 2006), in which a defendant insurance company's motion to dismiss for lack of standing was denied. This Court finds *Javitch* inapposite. In that case, the plaintiff sought declaratory judgment and rescission of eleven life insurance policies issued by the defendant. That was an action ripe for determination by the Court; it was not anticipatory or

8

lacking in an actual controversy. Premiums had been paid to the insurer by others whom the plaintiff-receiver had the right to "represent" in the action. The receiver requested that the policies be declared void *ab initio* and that Transamerica be ordered to return premiums paid. That case is far from this case in which the possibility of future litigation is just that – a possibility – and one not ripe for the creation of standing required for this Court to exercise its jurisdiction.

It is clear to the Court that this matter is not ripe for consideration as one involving an actual controversy. There are a multiplicity of contingencies which have not been made ripe by a controversy and, thus, what is basically a coverage issue should any such claim be made in the future deprives this Court of jurisdiction. No claim has been made and none has been rejected. The claims that the Plan fears may never be asserted, and Defendant may never need to take a position on coverage. Asking the Court to interpret the Plan's rights and obligations under the Policy under these circumstances is quite simply an untimely assertion.

## IV.    Conclusion

For the reasons stated above and in the memorandum of Defendant, as well as the dialogue at oral argument, this Court finds that the relief sought does not involve an actual or threatened case or controversy. Thus, this Court lacks jurisdiction and Defendant's motion to dismiss must be granted (Doc. 6).

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

9